# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR109 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DELMER PERPULY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Delmer Perpuly's Motion for Release from Detention Pending Disposition and Place on Bond with Electronic Monitoring or GPS. (Doc. 129). For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On February 26, 2020, a Grand Jury issued a Superseding Indictment charging Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)A ("Count 1"); one count of Interstate Transportation in Aid of Racketeering, a violation of 18 U.S.C. § 1952(a)(3) ("Count 3"); one count of Possession with Intent to Distribute Cocaine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count 6"); and one count of Use of a Communications Facility to Facilitate a Felony Drug Offense, a violation of 21 U.S.C. § 843(b) ("Count 8"). (Doc. 16). Counts 1 and 6 carry a presumption of pretrial detention. *See* 18 U.S.C. § 3142(e)(3)(A).

Defendant previously waived his right to a Detention Hearing (Doc. 4) and the Magistrate Judge continued his on March 20, 2020.

On April 20, 2020, Defendant filed his Motion. (Doc. 129). The Government responded on April 24, 2020 asking the Court to deny Defendant's request. (Doc. 140).

## II. LAW & ANALYSIS

Defendant argues that circumstances have changed since his waiver of detention that justify the Court reconsidering detention in this case. A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant claims "[t]he outbreak of Coronavirus constitutes a significant change in circumstances and support reconsideration of [Defendant's] detention waiver." (Doc. 129, PageID 637). Defendant then cites numerous reports about COVID-19. If released, Defendant will stay with family in Arizona under GPS and Curfew Monitoring. (*Id.* at PageID: 640-41).

The only changed circumstance that Defendant cites since his waiver of the Detention Hearing is COVID-19. The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons. But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances

- 2 -

warranting a renewed evaluation of [a] prior detention order." *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same). The existence of COVID-19 in our country has no impact on Defendant's flight risk or danger to the community. Defendant does not address either his danger to the community or his risk of flight. Defendant is currently facing charges stemming from a nationwide drug conspiracy. The quantity of drugs and the means to which the enterprise distributed the drugs is serious. Defendant has ties to organized crime and connections to Mexico. These serious charges carry serious consequences should a conviction ensue. Given these considerations, the Court sees that Defendant has both an incentive to flee and the wherewithal to do so.

Moreover, Defendant has not demonstrated any impact of COVID-19 on him beyond speculation. He does not allege that he has been exposed to the virus. Prison officials and Federal authorities are taking the proper precautions to limit the spread of the virus.[1] (*See* Doc. 140, PageID: 698-700). Defendant cites no significant medical history. Defendant bases his requested relief on conjecture of what may happen to him should an outbreak of COVID-19 occur at the facility.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and maintains Defendant's detention.

---

[1] Defendant does not cite where he is currently detained. The Government claims Defendant is housed at Northeast Ohio Correctional Center. As of April 27, 2020, Northeast Ohio Correctional Center has reported that no inmates have contracted COVID-19. (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-27-2020%201614.pdf) (last accessed Apr. 28, 2020). The institution is in lockdown as a precautionary measure due to the positive test of one of the facility's contractors.

- 4 -

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 129) is **DENIED**.

**IT IS SO ORDERED.**

                                         s/ Christopher A. Boyko
                                         **CHRISTOPHER A. BOYKO**
                                         **Senior United States District Judge**

**Dated: April 28, 2020**